UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FRANKLIN BANK & TRUST CO.                                              Plaintiff

v.                                                                     CIVIL ACTION NO. 3:21-CV-435-RGJ

JOHN HANCOCK LIFE INSURANCE                                            Defendants
COMPANY (USA),

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Before the Court are the various motions filed by Plaintiff Franklin Bank & Trust Co. ("Franklin Bank") and Defendant John Hancock Life Insurance Company (USA) ("John Hancock"). John Hancock moved to file an amended answer to Franklin Bank's Complaint [DE 26] and to file a third-party complaint. [DE 27]. Franklin Bank responded to each motion [DE 29; DE 30] and moved to amend to include John Hancock Assignment Company ("JHAC") as a defendant. [DE 28]. John Hancock replied to each response [DE 34; DE 36] and responded to the motion to amend. [DE 35]. Franklin Bank moved for partial summary judgment [DE 37] and then to amend its motion for summary judgment. [DE 38]. John Hancock responded [DE 41], and Franklin Bank replied. [DE 42]. These matters are ripe.

For the reasons below, John Hancock's Motion to File an Amended Answer [DE 26] is **GRANTED**, John Hancock's Motion to File a Third-Party Complaint [DE 27] is **GRANTED**, Franklin Bank's Motion for Partial Summary Judgment [DE 37] is **DENIED,** and Franklin Bank's Motion to Amend its Motion for Summary Judgment [DE 38] is **GRANTED**.

1

## I. BACKGROUND

The parties agree on these facts. Tracy Kaufman ("Ms. Kaufman") filed a medical malpractice suit in which attorney Fred Fischer ("Fischer") and his law firm Fischer & Kelly represented her and which settled in January 2010. [DE 27-1 at 177-78; DE 28 at 311]. As part of that settlement, John Hancock issued an annuity contract to pay Ms. Kaufman a sum each month until July 23, 2030 ("Annuity Contract"). [DE 27 at 174-75; DE 28 at 311]. In the event of her death, payment was to be made to her estate and poured-over into a trust ("Darryl Ladd Trust"). [DE 27-1 at 174; DE 28 at 311]. Ms. Kaufman died in December 2013. [DE 27-1 at 175; DE 28 at 311]. Fischer & Kelly had also represented Ms. Kaufman in her estate planning, and after her death filed a probate petition which appointed Chris Meinhart ("Meinhart") to serve as administrator of Ms. Kaufman's estate. [DE 27-1 at 178-80; DE 28 at 311]. Meinhart appointed Argent Trust Company to oversee the Estate's resulting Trusts. [DE 27-1 at 180; DE 28 at 311].

The parties' narratives diverge at this point. Franklin Bank asserts that "no annuity payments were made to [Ms. Kaufman's] Estate or to the resulting Trusts" following Ms. Kaufman's death. [DE 28 at 311]. John Hancock asserts that Ms. Kaufman's Estate through Meinhart received and cashed a single check following her death. [DE 27-1 at 181]. John Hancock further argues that "several annuity payments [were] delivered to Ms. Kaufman's home in early 2014 [and] were either returned to John Hancock or not negotiated." [*Id.* at 175]. John Hancock asserts that none of Ms. Kaufman's relatives or representatives contacted it to inform it of her death or to set up payment to her Estate until October 2020. [*Id.*]. And John Hancock alleges that although it independently determined that Ms. Kaufman died, it received no response to its inquiries and was thus unable to deliver payments despite good-faith efforts. [*Id.* at 175-76].

Franklin Bank asserts that John Hancock never contacted Ms. Kaufman's beneficiary or estate. [DE 37 at 349].

John Hancock treated the property as "unclaimed property" until January 2017 and escheated it to the Commonwealth of Kentucky. [DE 28 at 311]. John Hancock states that from January 2017 until the filing of this action, it treated the annuity contract as abandoned property, ceased payment, and retained and accrued the payments. [DE 27-1 at 176].

In 2020 Franklin Bank was appointed administrator of the Ms. Kaufman's Estate and trustee for the resulting Trusts, including the Darryl Ladd Trust. [DE 26 at 134; DE 28 at 311]. In June 2021, Franklin Bank, acting in its capacity as trustee of the Darryl Ladd Trust, administrator of Ms. Kaufman's Estate, and represented by Fischer & Kelly, filed suit against John Hancock in state court. [DE 28 at 312]. It sought an accounting and alleged that John Hancock breached the annuity contract, acted negligently, and violated Kentucky's Unfair Claims Settlement Act and Consumer Protection Act by failing to make payments and implement reasonable standards to ensure those payments would be made. [*Id.*]. John Hancock removed the case to federal court in July 2021. [DE 1].

Since the filing of the original Complaint, the Commonwealth of Kentucky Department of the Treasury issued a check to Ms. Kaufman's Estate for $392,251.47 for past due benefits. [DE 28-2 at 246]. Defendants also issued a check to Plaintiff as trustee for the Darryl Ladd Trust for $626,251.47 for past due benefits. [*Id.*]. Defendants have continued to issue payment due under the annuity contract since November 2021. [*Id.*]. The parties now dispute John Hancock's liability for interest on the delayed annuity payments, along with attorney's fees and punitive damages. [DE 27 at 163 DE 27-1 at 176; DE 37 at 347].

Fisher & Kelly moved to withdraw from this case when John Hancock notified them that it planned to name them as codefendants in a third-party complaint. [DE 19; DE 21; DE 28 at 312]. The Court granted the motion to withdraw. [DE 25]. The parties move as outlined above.

## II.   STANDARD

"When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint." *Gallaher & Assocs., Inc. v. Emerald TC, LLC*, No. 3:08-CV-459, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010) (citing *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)). If the court grants a motion to amend, "the original pleading no longer performs any function in the case." *Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) (internal quotation marks & citation omitted). Thus, "when the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *2 (W.D. Ky. Oct. 4, 2016).

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)). "A proposed

4

amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). An action may be dismissed under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64 (2007)). The moving party has the burden of proving that no claim exists. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party must produce specific facts showing a material issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion." *Bell v. City of E. Cleveland*, 125 F.3d 855 (6th Cir. 1997) (citing *Liberty Lobby*, 477 U.S. at 252).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *See Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th

Cir. 2008); *see also Adams v. Metiva*, 31 F.3d 375, 384 (6th Cir. 1994). The Court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *See Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1); *see also Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 131–32 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Liberty Lobby*, 477 U.S. at 252.

Rule 56(c)(1) requires that a "party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

### III.   DISCUSSION

#### A. Franklin Bank's Motion to Amend its Complaint.  [DE 28].

Because Franklin Bank moved to amend its complaint, the Court first considers this motion. *See Gallaher & Associates, Inc.*, 2010 WL 670078, at *1, *Brumbalough*, 427 F.3d at 1001. The Court notes Franklin Bank's argument that "'good cause' excuses its failure to seek leave to amend prior to the scheduling order's deadline." [DE 28 at 315]. The scheduling order allowed until August 8, 2022, for moving to amend and Franklin Bank did not file the motion to

6

amend until September 1, 2022. But the Court stayed the case on August 8, 2022, which included deadlines, for sixty days while Franklin Bank obtained replacement counsel. [DE 25]. Thus, Franklin Bank's motion was not tardy.

Franklin Bank seeks amendment to name JHAC as a co-defendant as it "is the subsidiary or affiliate of John Hancock that was primarily responsible for remitting annuity payments to" Ms. Kaufman and her Estate. [DE 28 at 310]. The claims in the Amended Complaint are otherwise the same as those in the original. [*Id.*]. John Hancock "does not object to Plaintiff's Motion for Leave to Amend" but adds "seeks to correct certain misunderstandings." [DE 35 at 341]. John Hancock states that JHAC was the owner of the Annuity Contract rather than the entity primarily responsible for making payments, and that John Hancock is responsible for making annuity payments. [*Id.* at 342]. It also "does not concede that JHAC received notice of this suit within 90 days" but "affirm[s] that JHAC is an indirect subsidiary of John Hancock." [*Id.*].

Under the Federal Rules of Civil Procedure, there are four requirements for adding a defendant in an amendment: (1) the claim to be amended arose out of the same transaction or occurrence as the original complaint; (2) the party to be added received such notice that he will not be prejudiced in defending on the merits; (3) the party to be added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him; and (4) the second and third requirements were satisfied within the period provided for service of the summons and complaint, 120 days. Fed. R. Civ. P. 15(c). Notice may be actual or constructive. *Berndt v. State of Tenn.*, 796 F.2d 879, 884 (6th Cir. 1986). This is a "patently factual inquiry." *Eady v. Young*, No. 4:12-CV-28, 2013 WL 11328159 (E.D. Tenn. Feb. 6, 2013).

"The notice required by Rule 15(c) can be either actual or constructive." *Beverly v. MEVA Formwork Sys., Inc.*, 500 F. App'x 391, 394 (6th Cir. 2012). A plaintiff's knowledge of a mistake or lack thereof is irrelevant under Rule 15(c)(1)(C); the rule is only concerned with whether "the newly named defendant knew or should have known that but for the plaintiff's mistake the action would have been brought against him." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 538 (2010) (citing Fed. R. Civ. P. 15(c)(1)(C)(ii)). "A defendant's actual knowledge of the complaint and constructive knowledge that the plaintiff made a mistake in failing to name him must occur within 120 days of the filing of the original complaint." *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (citing Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 15(c)).

Franklin Bank argues that there was no undue delay because it only learned of JHAC in discovery about three months before filing its motion, and that it went through a change of counsel in that time due to John Hancock's motion to file a third-party complaint. [DE 28 at 314]. Franklin Bank argues for the same reason that it did not act in bad faith. [*Id.*]. And Franklin Bank argues there is no prejudice to John Hancock. [*Id.*]. John Hancock does not dispute any of this, and the parties do not address futility. [DE 35 at 341-43]. The claims here arose out of the same transaction or occurrence as the original complaint; they are in fact the same claims resting on the same factual basis as the original complaint. "The relation back issue therefore turns on whether [JHAC] received sufficient notice of the lawsuit and whether it knew or should have known that but for a mistake of identity it would have been named in the original complaint." *Beverly*, 500 F. App'x at 394.

Franklin Bank contends that JHAC received notice "as an affiliate or subsidiary of John Hancock." [DE 28 at 315]. Franklin Bank does not expand on this argument. While "affirm[ing] that JHAC is an indirect subsidiary of John Hancock," it "does not concede that JHAC received

8

notice of this suit within 90 days in accordance with this supposed relationship." [DE 35 at 342]. John Hancock does not expand on this argument.

The Sixth Circuit has "articulated the following, non-exhaustive list of factors to consider in determining whether a newly-named defendant had constructive notice of a lawsuit: 'the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both the original and new defendants, and whether the defendants are officials of the original defendant.'" *Beverly*, 500 F. App'x at 394 (quoting *Force v. City of Memphis*, 101 F.3d 702 (6th Cir. 1996) and citing *Berndt*, 796 F.2d at 884).

The only factor with available facts for the Court to consider is the relationship of the new defendant to the originally named defendant, that is, the new defendant JHAC is "an indirect subsidiary" of the originally named defendant John Hancock. [DE 35 at 342]. That relationship alone is insufficient for the subsidiary to have received notice. *See Beverly*, 500 F. App'x at 394 (even where parent company solely owned subsidiary, parent and subsidiary shared a website, shared counsel, had been referred to interchangeably under the same name, and the parent trained some of the subsidiary's employees "[t]hat does not mean that the parent has, or should have, notice of every lawsuit filed against its subsidiary"). This Court has no other facts available to it to suggest that JHAC is not a separate and distinct entity or that it had notice of this lawsuit. Nor has Franklin Bank cited law suggesting that the available facts demonstrate JHAC had notice. Simply, the Court has nothing before it demonstrating JHAC had notice. The Court will allow Franklin Bank 21 days from the date of this order to address notice in a supplement. If Franklin Bank does not sufficiently demonstrate notice in such a supplement, the Court must deny Franklin Bank's Motion to File an Amended Complaint.

Franklin Bank also notes that the scheduling order deadlines "may need to be modified in light of the fact that Franklin Bank's original counsel recently withdrew . . . as a result of John Hancock's Motion for leave to File a Third-Party Complaint." [DE 28 at 310]. The Court will address this argument with the Motion to File a Third-Party Complaint.

### B. John Hancock's Motion to File an Amended Answer [DE 26].

John Hancock moves to amend its answer to the Complaint, seeking to add the defenses of "statute of limitations, laches, contributory negligence, and statutory immunity under KRS 393A.340." [DE 26 at 133]. John Hancock argues that its motion is timely, is made in good faith, and does not prejudice Franklin Bank. [*Id.*]. In response, Franklin Bank "acknowledges that, one way or another, John Hancock will likely be permitted to file an amended answer (either as a standalone document or as an amended answer filed in response to Franklin Bank's Amended Complaint), and, for that reason, Franklin Bank does not object to John Hancock's Motion for Leave to File Amended Answer." [DE 29 at 287]. Without objection, the Court thus **GRANTS** John Hancock's Motion for Leave to File Amended Answer [DE 26].

### C. John Hancock's Motion to File a Third-Party Complaint. [DE 27].

John Hancock moves under Federal Rule of Civil Procedure 14 to file a third-party Complaint naming Fischer, Fisher & Kelly, Meinhart, and Argent Trust Company as defendants ("Third-Party Defendants"). [DE 27]. John Hancock argues that discovery has produced evidence that as "fiduciaries responsible for administering the decedent's Estate or the Trusts that resulted from Kaufman's estate, or the lawyers who represented" fiduciaries or beneficiaries, these defendants neglected the annuities at issue. [*Id.* at 155–57]. John Hancock asserts "claims for indemnity, contribution, and/or comparative fault against the proposed Third-Party Defendants." [*Id.* at 157]. It asserts that these defendants were or should have been aware of the annuity contract,

10

that Plaintiff's "negligence claim is subject to Kentucky's comparative fault statute" and that any injury Franking Bank, Ms. Kaufman's Estate, or the Darryl Ladd Trust suffered was solely due to the negligence of the Third-Party Defendants. [*Id.* at 156–57].

Rule 14(a) of the Federal Rules of Civil Procedure allows a defendant to implead a third-party defendant "who is or may be liable to him for all or part of the plaintiff's claim against him." Impleader is available only when the third-party defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim. *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). Thus, "a defendant's claim against a third-party defendant cannot simply be an independent or related claim, but must be based upon the original plaintiff's claim against the defendant." *Id.* "[I]f the third-party plaintiff claims that 'it was him, not me,' then impleader is inappropriate." *State Auto. Mut. Ins. Co. v. Burrell*, No. CV 5:17-300-DCR, 2018 WL 2024617, at *2 (E.D. Ky. May 1, 2018). "By its own language, Rule 14 requires an indemnity claim in order to bring in a third-party defendant whereby the defendant is attempting to transfer liability from himself to a third-party defendant in the event he is found to be liable to the plaintiff." *Wells Fargo Bank v. Gilleland*, 621 F. Supp. 2d 545, 547 (N.D. Ohio 2009); *see American Zurich Ins. Co.*, 512 F.3d at 805 ("The third-party complaint is in the nature of an indemnity or contribution claim").

"Underlying Rule 14 is a desire to promote economy by avoiding the situation where a defendant has been adjudicated liable and then must bring a totally new action against a third party who may be liable to him for all or part of the original plaintiff's claim against him." *Id.* (quoting 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1441 (2d ed. 1990)) (internal quotation marks omitted). Whether to grant leave for a third-party complaint is within the discretion of the trial court. *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960). And

11

"timely motions for leave to implead third parties should be freely granted . . . unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Trane U.S. Inc. v. Meehan*, 250 F.R.D. 319, 322 (N.D. Ohio 2008) (quoting *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D.238, 240 (S.D.N.Y. 2004)). "If the impleading party fails to satisfy Rule 14's requirements, the third-party complaint fails to state a claim upon which relief may be granted and therefore must be dismissed under Rule 12(b)(6)." *Linda's Leather, LLC v. Zambrano*, No. 5:21-CV-046-CHB, 2022 WL 100216, at *3 (E.D. Ky. Jan. 10, 2022).

John Hancock argues that relevant factors support its request. [DE 27 at 164]. It argues that it has moved for leave within the time allowed under the scheduling order, three months before discovery closes and over a year before the scheduled trial date, and that the request was made promptly after production of discovery. [*Id.* at 164-66]. It argues that the case can continue without delaying trial or complicating the issues. [*Id.* at 167]. Franklin Bank argues that John Hancock is arguing 'it was him not me,' that it would interject immaterial issues into the litigation, and that it was asserted so late in the action as to prejudice Franklin Bank. [DE 30 at 290-99]. John Hancock's argument is that "the proposed Third-Party Defendants' negligence was the sole cause of any" injury or that "their negligence is an intervening and superseding cause of any injury Plaintiff has suffered." [DE 27 at 157]. John Hancock asserts that if it is found liable, the Third-Party defendants "are liable to either . . . fully indemnify John Hancock . . . [or] to contribute to the judgment for damages as joint tortfeasors." [DE 34 at 327]. John Hancock contends that its "claims against the third-party defendants are [] entirely derivative of [Franklin Bank's] claims against it" because "the proposed third-party defendants would only be liable to John Hancock for contribution if a jury decides they should contribute to a judgment against John Hancock." [*Id.* at

12

328]. Franklin Bank in essence asserts that John Hancock is liable for its injury regardless of the liability of the Third-Party Defendants, and vice versa. [DE 30].

Under Kentucky law, the right to indemnity "is available to one exposed to liability because of the wrongful act of another" but who is not equally at fault (or in "pari delicto") with the other wrongdoer. *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000). A right to indemnification arises in two scenarios:

> (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment;
> or
> (2) where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.

*Id.* (quoting *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 256 Ky. 827 (1934)). "[W]hen two or more joint tortfeasors are guilty of concurrent negligence of substantially the same character which converges to cause the plaintiff's damages . . . the tortfeasors are said to be 'in pari delicto.'" *Id.* at 778.

The claims here fall under the second scenario. Under John Hancock's argument, it was "exposed to liability" because of the Third-Party Defendants' wrongful acts. John Hancock argues that it did not know where to send the payments because the Third-Party Defendants breached their duty to Ms. Kaufman's Estate by failing to inform John Hancock of Ms. Kaufman's death and of where to send payment. [DE 27 at 160-61; DE 27-1]. John Hancock has plausibly demonstrated that the Third-Party Defendants were "in fault, but not in the same fault, towards the party injured [Franklin Bank], and the fault of [the Third-Party Defendants] was the primary and efficient cause of the injury [to Franklin Bank]." *Degener*, 27 S.W.3d at 780. For this reason, the introduction of these Third-Party Defendants would not interject immaterial issues into the case.

13

The Court also finds that the claims were not asserted so late as to prevent their introduction. The Third-Party Defendants could thus indemnify John Hancock through their torts against Franklin Bank. Therefore, John Hancock's Motion to File a Third-Party Complaint [DE 27] is **GRANTED**.

In its motion to amend the complaint, Franklin Bank notes that the scheduling order deadlines "may need to be modified in light of the fact that Franklin Bank's original counsel recently withdrew . . . as a result of John Hancock's Motion for leave to File a Third-Party Complaint." [DE 28 at 310]. Because the Court denied the motion to amend the complaint attached to that request, and because the parties do not elaborate on how they believe the scheduling order deadlines "may need to be modified," the Court denies this request.

### D. Franklin Bank's Motion for Partial Summary Judgment [DE 37].

Franklin Bank moved for partial summary judgment, asserting that "it is entitled to prejudgment interest on its liquidated damages" on the "delinquent annuity payments between December 2013 and November 2021" because "the delinquent payments have already been calculated and paid." [DE 37 at 347-50]. Franklin Bank also moved to amend its motion for summary judgment [DE 38] because it originally cited an incorrect statute for prejudgment interest setting a 6% rate and the "correct statute" is Ky. Rev. Stat. Ann. § 360.010(1) setting an 8% interest rate. [*Id.* at 412–13]. John Hancock argues that Franklin Bank is not entitled to prejudgment interest because liability has not yet been determined. [DE 41]. Without objection, the Court **GRANTS** Franklin Bank's motion to amend its motion for partial summary judgment [DE 38].

Prejudgment interest is an element of a successful litigant's compensation. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989). Firstly, as the case was removed based on diversity jurisdiction, Kentucky law governs this issue. *Hale v. Life Ins. Co. of N. Am.*, 795 F.2d 22, 24 (6th Cir. 1986) ("When a federal court's jurisdiction rests upon diversity, the award of prejudgment

14

interest is governed by state law."). Under Kentucky law, "[p]rejudgment interest is to be awarded as a matter of law to the prevailing party when the damages are liquidated." *Sea Song Farms, LLC v. Geostar Corp.*, No. 10-CV-23-JMH, 2016 WL 7985322, at *1 (E.D. Ky. Feb. 29, 2016) (citing *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.*, 598 F.3d 257, 275 (6th Cir. 2010)). "The longstanding rule in [Kentucky] is that prejudgment interest is awarded as a matter of right on a liquidated demand, and is a matter within the discretion of the trial court or jury on unliquidated demands." *3D Enterprises Contracting Corp. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 174 S.W.3d 440, 450 (Ky. 2005) (citing *Nucor Corp. v. Gen. Elec. Co.*, 812 S.W.2d 136, 141 (Ky. 1991)); KRS § 360.010(1). Liquidated claims are "of such a nature that the amount is capable of ascertainment by mere computation, can be established with reasonable certainty, can be ascertained in accordance with fixed rules of evidence and known standards or value, or can be determined by reference to well-established market values." *Id.*

Franklin Bank argues "three narrow and related arguments: the delinquent settlement payments qualify as liquidated damages under Kentucky law; Kentucky courts award prejudgment interest to all contracting parties who prevail on claims for liquidated damages; and because John Hancock delivered the settlement payments after [Franklin Bank] filed the instant lawsuit, [Franklin Bank] prevailed on a claim for liquidated damages, which, as a matter of law, entitles it to prejudgment interest at the statutory rate." [DE 42 at 479-80].

The Court first looks at whether Franklin bank has prevailed on its liquidated damages claim. Under the undisputed facts, John Hancock was to pay Ms. Kaufman or her Estate and resulting trusts a sum each month until July 2030. [DE 27 at 174-75; DE 28 at 311]. John Hancock ceased payment after Ms. Kaufman's death until the filing of this lawsuit. [DE 27-1 at 176; DE

15

28 at 311]. John Hancock has now paid Franklin Bank the delayed payments. [DE 28-2 at 246]. But this does not necessarily mean that Franklin Bank has prevailed on its claim.

Franklin Bank cites no case law stating that receiving past due payment under a contract concedes liability on the contract or otherwise qualifies a party as "prevailing," beyond its argument that this is a "significant issue in the litigation." [DE 42 at 483]. By paying Franklin Bank's demand, John Hancock perhaps conceded that it owed Franklin Bank the money, but not whether such failure to pay was as a result of its failure to perform on the contract. That is, perhaps John Hancock conceded at least some damages here, but conceding damages does not necessarily simultaneously concede breach, which is an element of Franklin Bank's claim. *See GPH Louisville Hillcreek LLC v. Redwood Holdings, LLC*, No. 3:21-CV-63-RGJ, 2023 WL 3083596, at *6 (W.D. Ky. Apr. 25, 2023) (Under "Kentucky law, a breach of contract claim requires: (1) the existence of a contract; (2) the breach of that contract; (3) damages flowing from the breach) (citing *Metro Louisville/Jefferson Cnty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009); *and Special Learning, Inc. v. Step by Step Acad., Inc.*, No. 2:14-CV-126, 2017 WL 5135699, at *1 (S.D. Ohio Oct. 18, 2017), *aff'd,* 751 F. App'x 816 (6th Cir. 2018) (analyzing Ohio contract, "each element is still essential to a claim for breach of contract such that a failure by the jury to find any element means the plaintiff failed on its claim"). And Franklin Bank cannot establish prevailing party status under the "catalyst theory," that its lawsuit was the catalyst for the payment. *See Chambers v. Ohio Dep't of Hum. Servs.*, 273 F.3d 690, 693 (6th Cir. 2001) ("the [Supreme] Court noted that an award of attorneys fees is . . . not [appropriate] under the catalyst theory" of prevailing party "which allows an award where there is no judicially sanctioned change in the legal relationship of the parties." (quotation omitted)).

No determination has been made on breach of the contract. There has been no trial or judgment on the facts. *See Chambers*, 273 F.3d at 692 ("to 'prevail,' and thus become eligible for attorneys fees, a party must have obtained 'a judicially sanctioned change in the legal relationship of the parties'") (citing *Buckhannon Bd. and Care Home, Inc. v. W.V. Dep't of Health and Human Resources*, 121 S.Ct. 1835, 1840 (2001). "[T]here is no declaratory judgment, settlement, or consent decree of any kind that sanctions a change in the legal relationship of the parties." *Special Learning, Inc.,* 2017 WL 5135699, at *3 (S.D. Ohio Oct. 18, 2017). Thus, Franklin Bank fails to establish that it is a prevailing party here, and its motion for summary judgment [DE 37] must be **DENIED**.

John Hancock also argues that it is entitled to statutory immunity under KRS 393A.340(1) because it "delivered the funds to the state in good faith and in accordance with the Unclaimed Property Act." [DE 41 at 445]. Franklin Bank argues that John Hancock did not act in good faith because it failed to put forth a reasonable effort to identify representatives for Ms. Kaufman's estate and that the statute only extends liability protection after escheatment. [DE 42 at 486-87]. Neither party offered Kentucky case law elaborating on the statute.

> Kentucky's Unclaimed Property Act protects safekeepers of property:
>
> On payment or delivery of property to the administrator under this chapter, the administrator as agent for the state assumes custody and responsibility for safekeeping the property. A holder that pays or delivers property to the administrator in good faith and substantially complies with KRS 393A.270 and 393A.280 shall be relieved of liability arising thereafter with respect to payment or delivery of the property to the administrator.

Ky. Rev. Stat. Ann. § 393A.340(1). An annuity contract is presumed to be abandoned "three (3) years after the date the insurance company has knowledge of the death of the annuitant." *See* KRS 393A.040(7)(b). Good faith is made when the holder had "a reasonable basis for believing, based

17

on the facts then known, that the property was required or permitted to be paid or delivered to the administrator." Ky. Rev. Stat. Ann. § 393A.310(1).

The parties appear to agree that John Hancock is a "holder" under this statute. They dispute the good-faith component as well as its factual applicability to the property before escheatment. The Court has insufficient proof and law before it to determine whether or how this statute applies to John Hancock in this situation. For example, while Franklin Bank argues that John Hancock did not act in good faith when it delivered some funds to the state and held back others, Franklin Bank fails to cite case law suggesting that John Hancock was obligated to escheat all funds to the state. On the other hand, John Hancock has not presented law suggesting that it was legally allowed to hold on to some. The parties similarly cite no case law on the applicability of the immunity pre- or post-escheatment. And Franklin Bank argues that John Hancock did not act in good faith when it failed to make reasonable efforts identify the representatives of Ms. Kaufman's estate. [DE 42 at 486-87]. But these facts are disputed—John Hancock asserts that it tried to identify those representatives, who never replied. [DE 27-1 at 175-76]. Neither party puts forth evidence on their arguments or cites the lack of evidence of the other party.

The Court disagrees with Franklin Bank's analysis, that even if John Hancock properly escheated the property, that the pre-escheatment payments accrued prejudgment interest. [DE 42 at 487]. While the statute states that it applies to claims "arising []after" a good-faith escheatment, it does not state that it "applies only to post-escheatment liability." [*Id.* (citing KRS § 393A.340)]. If John Hancock appropriately treated the property as abandoned and then properly escheated the property, it seems unlikely that the statute would apply only to post-escheatment payments and not to the pre-escheatment payments. That is, it seems unlikely that the legislature intended for appropriately treated abandoned property to accrue interest until it was escheated. But the Court

18

has no case law before it on this issue, and thus makes no finding on this issue. Because the Court cannot say with certainty that this statutory immunity applies, it declines to apply such at this stage.

The Court believes this motion for summary judgment was filed prematurely. Discovery is set to close December 15, 2023 and dispositive motions are due February 1, 2024. [DE 50 at 413]. "Parties are generally expected to set forth all their arguments in support of summary judgment in a single dispositive motion; piecemeal litigation at the summary-judgment stage is disfavored." *Spengler v. Worthington Cylinders*, 514 F. Supp. 2d 1011, 1022 (S.D. Ohio 2007). Franklin Bank will need to seek leave before it may file another summary judgment motion.

### IV.   CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) John Hancock's Motion to File an Amended Answer [DE 26] is **GRANTED**;

(2) John Hancock's Motion to File a Third-Party Complaint [DE 27] is **GRANTED**;

(3) Franklin Bank has 21 days from the date of this order to address notice in a supplement; otherwise Franklin Bank's Motion to Amend its Complaint [DE 28] will be denied;

(4) Franklin Bank's Motion for Partial Summary Judgment [DE 37] is **DENIED**;

(5) Franklin Bank's Motion to Amend its Motion for Summary Judgment. [DE 38] is **GRANTED**.

Rebecca Grady Jennings, District Judge
United States District Court

June 28, 2023

Cc:    Counsel of record

19